IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00274-RBJ-MEH

UNITED STATES OF AMERICA,

       Plaintiff/Counter-Defendant,

v.

LAURENCE R. GOODMAN,

       Defendant/Counter-Claimant.

COUNTY OF GILPIN, COLORADO,
COLORADO DEPARTMENT OF REVENUE,
PATRICK MAXWELL, and
JAN INGEBRIGSTEN,

       Defendants.

---

## *AMENDED* RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

       Before the Court is the United States' Motion to Dismiss [filed June 10, 2011; docket #21]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #40]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, the Court RECOMMENDS that the United States' motion be **granted**, and that Goodman's counterclaims against the United States be dismissed.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court

## BACKGROUND

On February 2, 2011, the United States initiated this action pursuant to 26 U.S.C. §§ 7401, 7402 and 7403(a).  (Docket #1.)  The United States alleges that during the years 1997, 1998, 1999 and 2000, Goodman did not fully pay his federal income taxes.  (Docket #1 at ¶14.)  As a result, a delegate of the Secretary of Treasury made assessments against Goodman for unpaid federal income taxes, penalties, interest and other statutory additions.  (*Id*. at ¶12.)  According to the United States, the total unpaid balance of the assessments is $1,327,761.31.  (*Id*. at ¶14.)

Goodman owns real property located on Bear Drive in Golden, Colorado (the "Property"), which is located in Gilpin County, Colorado.  (*Id*. at ¶10.)  In its Complaint, the United States argues that the tax assessments against Goodman for tax years 1997, 1998, 1999 and 2000 create statutory liens in favor of the United States, and that the liens attach to all of Goodman's property rights.  (*Id*. at ¶¶12, 16.)  The United States also argues it is entitled to seek a judicial decree of sale of the Property from the District Court.  (*Id*. at ¶25.)  The United States names the County of Gilpin, Colorado, the Colorado Department of Revenue, Patrick Maxwell, and Jan Ingebringsten as defendants as necessary parties pursuant to 26 U.S.C. § 7403, because they may have an interest in

---

need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

the Property.[2]  (*Id*. at ¶¶6-10.)

On April 29, 2011, Goodman filed an answer and a counter complaint.  (Docket #13.)  In Goodman's counter complaint, he seeks monetary relief for an alleged violation of his Constitutional rights.  (*Id.*)  Goodman alleges that the United States committed fraud in filing the original complaint as follows: bringing four other defendants into the action in order "to CREATE DEFAULTS in the case;" bringing "a Fraudulent Misleading Unsubstantiated Action Based upon Composite 1099 Documents" regarding income tax owed for the years 1998, 1999, 2000 and 2001;[3] and "SEIZURE OF PRIVATE PROPERTY WITHOUT FAIR COMPENSATION IN WILLFUL DEPREVATION [sic] OF THE DEFENDANT'S [ ] FOURTH AMENDMENT RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA IN VIOLATION OF 18 U.S.C. §§ 242 AND 1581." (*Id.*)

On June 10, 2011, the United States filed a motion to dismiss ("Motion") the counter complaint arguing: (1) the District Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity; and (2) the counter complaint fails to state a claim upon which relief may be granted.  (Docket #21)

Goodman filed an "Objection" to the Motion to dismiss on June 27, 2011.  (Docket #23.) In the "Objection," Goodman alleges that the United States failed to provide him with a complete copy of the Motion.  (*Id.*)  That is, Goodman asserts the United States did not provide him with the

---

[2]On April 29, 2011, the District Court issued an order dismissing all claims against the County of Gilpin, Patrick Maxwell and Jan Ingebrigsten, but keeping the names of these Defendants in the caption until entry of the Final Judgment.  Docket #14.

[3] The record reflects that The United States' original complaint alleges Goodman has unpaid income tax for the years 1997, 1998, 1999 and 2000.  (Docket #1.)

3

second page of the Motion, but he attests he did receive a copy of the first and third pages of the

Motion as well as all fourteen pages of the memorandum in support of the Motion.  (*Id*. at 3.)  The

United States filed a reply to the "Objection" re-affirming that Goodman was served with a complete

set of the motion documents.  (Docket #24.)  Furthermore, the United States attached a complete

copy of the Motion to the reply which was sent to Goodman.  (*Id*.)  On July 18, 2011, Goodman filed

a "Counter Reply"[4] reasserting that the United States had not originally provided him with a

complete copy of the Motion.  (Docket #25.)  Goodman further argues in his "Counter Reply" that

the United States "has failed to produce even one piece of evidence [ ] that is not self-created and

self-serving that can be independently verified outside of the Internal Revenue Service for there to

be even a prima facie case in this Court."  (*Id*.)  Goodman also alleges that the United States has

never offered any evidence that the Court has subject matter jurisdiction over the action.  (*Id*.)

## LEGAL STANDARD

### I.      Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter

jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the

matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are

courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do

---

[4] Goodman did not receive permission to file a sur-reply; however, the Court will consider the sur-reply in its analysis because Goodman alleged that he originally did not receive a complete copy of the Motion.  The Certificate of Service attached to the reply brief reflects that the United States served not only the reply, but also a complete copy of the Motion on Goodman. Therefore, the Court recognizes that Goodman received a complete copy of the Motion before he filed the sur-reply, and was not prejudiced by allegedly not having a complete copy at the original filling.

so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Goodman bears the burden of establishing that this Court has jurisdiction to hear his counterclaims. Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Id.*

## II. Dismissal under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

### III.    Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

**ANALYSIS**

### I.    Rule 12(b)(1) Defenses

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin,* 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)).

### A.    Sovereign Immunity

The United States argues that the Court lacks subject matter jurisdiction because Goodman has failed to demonstrate that the United States waived its right to sovereign immunity. "The United States, a sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*,

312 U.S. 584, 586 61 S. Ct. 767, 769 (1941).  Furthermore, "[t]he United States consents to be sued only when Congress unequivocally expresses in statutory texts its intention to waive the United States' sovereign immunity." *Kimboko v. United States*, 26 F. App'x 817, 819 (10th Cir. 2001) (quoting *In re Talbot*, 124 F.3d 1201, 1205 (10th Cir. 1997)).   A waiver of sovereign immunity must be unequivocally expressed and cannot be implied. *United States v. Mitchell*,  445 U.S. 535, 538 (quoting *United States v. King*, 395, U.S. 1, 4 (1969)).  "Waivers of sovereign immunity are to be read narrowly." *James v. United States,* 970 F.2d 750, 753 (10th Cir. 1992).

Goodman alleges that the United States has produced no evidence that this Court has subject matter jurisdiction.  (Docket #25.)  However, it is Goodman who, by filing a counter complaint, is invoking subject matter jurisdiction in this case and, therefore, it is his burden to prove jurisdiction is proper.  *See Basso*, 495 F.2d at 909.  In the current case, Goodman does not establish that the United States has waived its sovereign immunity.  Goodman asserts that the United States violated his Fourth Amendment rights and criminal statutes 18 U.S.C. §§ 242 and 1581.  He does not allege that either the Fourth Amendment or the cited criminal statutes waive the United States' sovereign immunity.  The Fourth Amendment does not waive the United States' sovereign immunity because the Anti-Injunction Act deprives federal courts of subject matter jurisdiction, "and constitutional claims will not avoid this conclusion." *Booth v. Internal Revenue Serv.*, 37 F.3d 1509, 1994 WL 563437, at *2 (10th Cir. Oct. 14, 1994) (unpublished) (citing *Lowrie v. United States*, 824 F.2d 827, 830 (10th Cir. 1987)).  Furthermore, 18 U.S.C. §§ 242 and 1581 are sections of the criminal code that provide no private civil cause of action and do not demonstrate any intent by Congress to waive the United States' sovereign immunity.  Even under the more lenient standards afforded a *pro se* plaintiff, Goodman has not met his burden of establishing the United States has waived sovereign

7

immunity.  *See Lonsdale v. United States*, 919 F.2d 1440, 1442-44 (10th Cir. 1990) (dismissing a *pro se* taxpayer's action because of taxpayer's failure to cite an explicit waiver of sovereign immunity).

Goodman appears to argue that the United States wrongfully levied his property when it filed a complaint to seek a judicial foreclosure pursuant to outstanding tax liens.  (Docket #13.)  Federal courts have jurisdiction over wrongful levy claims only when third parties who claim an interest in the property bring suit.  26 U.S.C. § 7426 (2006).  Specifically, the statute affords a limited waiver of sovereign immunity to persons with an interest in the property "other than the person against whom is assessed the tax out of which [the] levy arose."  *Id.*; *see also Dieckmann v. United States*, 550 F.2d 622, 624 (10th Cir. 1977) (recognizing limited waiver of sovereign immunity for wrongful levy actions under 7426(a)(1) for non-taxpaying third parties).  The levy in the original complaint arose from tax assessments against Goodman.  (Docket #1.)  Goodman denies he owes the assessed taxes.  (Docket #13.)  However, his counter complaint is "essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments."  *Lonsdale*, 919 F.2d at 1442.  Limited waiver of sovereign immunity is not available to a person trying to challenge tax assessments against himself.  Therefore, the limited waiver of sovereign immunity does not apply in this case.

Goodman has failed to show the United States has waived sovereign immunity and, thus, this Court does not have subject matter jurisdiction over the counter complaint.  *See Iowa Tribes of Kansas and Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (stating courts lack subject matter jurisdiction over claims against the United States when sovereign immunity has not been waived).  Therefore, this Court recommends that the District Court dismiss Goodman's

counterclaims against the United States because the Court lacks subject matter jurisdiction.

       B.    <u>Failure to State a Claim</u>

In the alternative, the United States argues that Goodman has failed to state a claim upon which relief may be granted. Specifically, the United States argues that the counter complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Fourth and Fifth Amendments of the U.S. Constitution do not prohibit the collections of taxes, Goodman cannot bring a civil suit under the cited criminal statutes 18 U.S.C. §§ 242 and 1581, and the counter complaint fails to state particular or plausible facts sufficient to show Goodman is entitled to relief.

Goodman alleges that the United States violated his constitutional rights by seizing his property without fair compensation. (Docket #13.) Fourth Amendment protection is only applicable to tax collections when the United States is attempting to seize property that would require a warrant. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351-52 (1977). Furthermore, "a [ ] warrant is not required for the seizure of a debtor's land in satisfaction of a claim of the United States." *Id.* at 352. In the current case, Fourth Amendment protection is not applicable because the United States is not attempting to seize property that requires a warrant.

To the extent Goodman argues his Fifth Amendment due process rights have been violated, his claim fails. "Fifth Amendment due process in the context of federal tax requires only that a taxpayer enjoy the right to bring suit for a refund if a tax had been collected unlawfully." *Bankston v. United States*, 2009 WL 1810109, at *3 (D. Colo. Feb. 12, 2009) (unpublished) (citing *Lister v. United States*, 77 F. App'x 465, 466 (10th Cir. 2003)). As Goodman brings his claim before any actual seizure of his property, he does not properly implicate due process. *Id.*

Goodman cannot bring claims under 18 U.S.C. §§ 242 and 1581. Criminal statutes do not

provide a private right of action and are not enforceable by individuals through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Because Goodman is barred from bringing his claims pursuant to the cited criminal statutes, his claim with respect to the alleged violation of these statutes should be dismissed for failing to state a claim upon which relief may be granted. *See Wolf v. Petrock*, 382 F. App'x 674, 677 (10th Cir. 2010) (affirming the dismissal of a civil claim pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff attempted to bring the action under criminal statutes).

Goodman alleges that the United States has committed fraud by naming other defendants in its Complaint, by bringing a Complaint based on inaccurate documents, and by unlawfully seizing his property. When a plaintiff alleges fraud, he "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Goodman alleges the United States committed fraud, but he does not provide any factual detail regarding the alleged fraud. He attempts to offer proof that the United States based its Complaint on false documents by attaching exhibits to his complaint; however, the exhibits are nothing more than financial and tax information statements created by third party providers. (Docket #13.) His counter complaint contains only vague and conclusory allegations that appear to be based on his belief that the United States has wilfully miscalculated the taxes assessed against him. Absent adequate factual detail of how the United States committed fraud by filing the Complaint against him, Goodman's claims should be dismissed for failing to satisfy the particularity requirements under Rule 9(b). *See Andrews*, 483 F.3d at 1076 (affirming the dismissal of a *pro se* plaintiff's claims for failing to satisfy the particularity requirements under Rule 9(b) because the plaintiff's allegations were vague and conclusory).

Even by construing Goodman's pleadings liberally and assuming Goodman's contention that

he lacks liability for the taxes due as assessed by the IRS is correct, this action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. "The Anti-Injunction Act generally prohibits restraining the IRS in its collection of taxes, absent an exception." *Bankston,* 2009 WL 1810109 at *4. Goodman has alleged no facts or law regarding any exception and, therefore, his claim is barred.

Therefore, to the extent the District Court finds it has subject matter jurisdiction over the counter complaint, this Court recommends that the counter complaint be dismissed for failure to state a claim.

## CONCLUSION

In the counter complaint, Goodman fails to establish the United States has waived its sovereign immunity and, thus, the Court lacks subject matter jurisdiction. In the alternative, Goodman's counter claim fails to state a claim upon which relief may be granted. Accordingly, the Court respectfully RECOMMENDS that the United States' Motion to Dismiss [filed June 10, 2011; docket *#21*] be **granted**.

Dated at Denver, Colorado, this 4th day of January, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

11