IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00274-RBJ-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAURENCE R. GOODMAN,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendant's "Motion To Vacate Administrative Assessments and Liens" [filed October 17, 2011; docket #32], construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.   Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the motion has been referred to this Court for recommendation [Docket #40].   The motion is fully briefed, and the Court finds oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court respectfully recommends that the Defendant's motion be **denied**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the

I.      **Procedural History**

On February 2, 2011, Plaintiff, the United States of America, initiated this action by filing a Complaint against Defendant to reduce to judgment the federal tax assessments against Defendant, and to foreclose tax liens on certain real property located in Golden, Colorado.  (*See* docket #1.) Plaintiff requests that the Court enter Judgment against Defendant in the amount of $1,327,776.31, plus interest and statutory additions, less any credits for payments, for unpaid federal income tax liabilities for the 1997, 1998, 1999 and 2000 tax years.  (*Id*. at 6.)  Defendant filed an answer and counterclaims on April 29, 2011, primarily denying he owes any federal taxes for the years 1997-2000.  (Docket #13.)  On January 4, 2012, this Court issued a recommendation that Plaintiff's motion to dismiss be granted and Defendant's counterclaims dismissed.  (Docket #44.)

Meanwhile, Defendant filed the present motion on October 17, 2011, arguing that Plaintiff has failed to produce any evidence to support its claims against Defendant.  (Docket #32.) Defendant argues that the administrative assessments and liens against him should be dismissed because they are "based upon a preponderance of self-created self-serving documents that the majority of [sic] were created by the IRS."  (*Id*.)  In his motion, Defendant questions the validity of the IRS.  Defendant further argues the current claims against him are "all a fraud," and that the collection of taxes is unconstitutional.  (*Id*.)  In essence, the present motion challenges the legality of Plaintiff's assessment and collection of income taxes.  (*Id*.)

Plaintiff timely filed a response arguing that Defendant has presented no factual evidence

---

aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

in support of his motion, and that his motion fails to meet the standard for entry of summary judgment.  (Docket #33.)  With its response, Plaintiff filed copies of Defendant's Form 4340s for the years 1997-2000.  (Docket #33-1.)

Defendant counters that 498 pages of documents produced to him by the government, including the Forms 4340, are not sufficient evidence to support Plaintiff's claim that Defendant owes income tax for the years 1997-2000.  (Docket #33-4.)  Because the parties supported their briefs with documents outside the pleadings, this Court converted the present motion into a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.  (Docket #42.)  Both parties were granted additional time to submit supplemental briefing.  (*Id*.)  The parties filed no supplementary materials, but Defendant filed an Objection that is currently pending before the District Court.  (Docket #45.)

## II.   Findings of Fact

The Court finds the following facts, which are viewed in the light most favorable to the Plaintiff, which is the non-moving party in this matter.

1.   Defendant resides within the jurisdiction of this Court, and has an interest in real property located at 299 Bear Drive, Golden Colorado 80403, in the State of Colorado (the "Property").  (Docket #33-5.)

2.   A delegate of the Secretary of Treasury made assessments against Defendant for unpaid federal income taxes, penalties, interest, and other statutory additions for the tax years of 1997, 1998, 1999 and 2000.  (*See* docket #33-2.)

3.   Plaintiff allegedly made timely notice and demand for payment, but Defendant never paid the assessed amounts.  (*Id.*)

4.   On May 21, 2004, the Internal Revenue Service ("IRS") filed a Federal Tax Lien against

Plaintiff for unpaid income taxes for the 1997 tax year.  (*Id*. at 5.)

5.      On May 21, 2004, the IRS filed a Federal Tax Lien against Plaintiff for unpaid income taxes for the 1998 tax year.  (*Id*. at 12.)

6.      On August 5, 2005, the IRS filed a Federal Tax Lien against Plaintiff for unpaid income taxes for the 1999 tax year.  (*Id*. at 17.)

7.      On August 5, 2005, the IRS filed a Federal Tax Lien against Plaintiff for unpaid income taxes for the 2000 tax year.  (*Id*. at 22.)

8.      The tax liens arising from the assessments above continued to attach to the Property through and including at least November 4, 2010.  (*Id*. at 8, 14, 19 and 23.)

## III.   Legal Standards

### A.   Construction of Pro Se Pleadings

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  "If the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

4

B.   Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington N. and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 322 (the non-moving party has the burden of showing there are issues of material fact to be determined).  These specific facts may be shown '"by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves."'  *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324) (emphasis added).  The Court must view the record and draw "all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

IV.    **Analysis**

Defendant argues that he is entitled to summary judgment because Plaintiff has failed to produce any reliable evidence that Defendant owes the assessed income taxes, and because the collection of income tax is unconstitutional.  Defendant contends that the administrative assessments and liens against him are based "upon a preponderance of self-created self-serving documents." (Docket #32.)  Defendant further questions the validity of the IRS to assess and collect income tax. (*Id*.)

By asserting he is not liable for the assessed taxes, Defendant's motion is "essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments." *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir. 1990).  Such challenges generally are barred by the Anti-Injunction Act, 26 U.S.C. 7421(a).  *Id*.  There are limited exceptions that permit a taxpayer to challenge an assessed tax.  A taxpayer may petition to the United States Tax Court for a redetermination of a proposed deficiency, 26 U.S.C. 6212(a) and (c), 6213(a).  *Id*.  Certain civil suits in the district court are allowed pursuant to 26 U.S.C. 7426(a) and (b)(1), 6672(b), 6694(c) and 7429(b).  However, Defendant's challenge to the assessed tax here is not one that falls under any exception and, therefore, is barred by the Anti-Injunction Act.

Defendant does not argue that Plaintiff has failed to produce evidence of the underlying tax assessments; instead, Defendant argues that the documents produced by Plaintiff do not prove that Defendant owes the assessed taxes.  However, as evidence that Defendant in fact owes the assessed taxes, Plaintiff provided him with Certificates of Assessments, Payments and Other Specified Matters ("Forms 4340").  (Docket #33-2 and 33-4.)

Defendant counters by offering as evidence a letter from Plaintiff in which the Plaintiff states

that it has "provided all relevant materials from the government's administrative file." (Docket #32 at 5.) Defendant contends that this statement supports his argument that the government has failed to provide any evidence of his assessed tax liability. Defendant also offers as evidence a letter from the IRS which was written in response to his Freedom of Information Act ("FOIA") request for documents concerning his "personal responsibility" to pay federal income tax. (*Id.* at 8.) The letter states, in part, that the IRS is "not required to create records, provide explanations, or answer questions in response to a FOIA request." (*Id.*) Defendant argues that this statement is an admission by the IRS that it is not "subject to the laws of this land" and, therefore, all documents produced by the IRS are not reliable evidence of assessed tax liability.

To the extent Defendant argues that the Forms 4340 are not sufficient evidence to demonstrate he owes the assessed taxes, his argument fails. The Tenth Circuit has held that Forms 4340 are sufficient proof for entry of judgment on the issue of federal tax liabilities. *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992) (holding that certificates of assessment and payments [Forms 4340] are routinely used to prove that tax assessments have been made and a district court may properly rely on these forms to conclude that valid assessments were made). Because the Forms 4340 are sufficient proof to establish federal tax liability and the Defendant provides no evidence to contradict the Tenth Circuit, the Court respectfully recommends that the District Court reject Defendant's argument that these forms are invalid because they are nothing more than "self-created self-serving documents." *See* docket #32; *see also Gutherie,* 970 F.2d at 737-38.

Defendant further contends that Plaintiff has committed fraud in assessing taxes against him because the collection of tax is unconstitutional. Defendant points to various Supreme Court cases and sections of the Constitution in support of his argument that the collection of taxes is equivalent

to slavery and, thus, unconstitutional.  However, his reliance on the cited cases and sections of the Constitution is misplaced.  Since the ratification of the Sixteenth Amendment to the Constitution, the constitutionality of the income tax laws has been repeatedly upheld.  *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1 (1916); *Phillips v. Commissioner*, 283 U.S. 589, 595 (1931); *Swallow v. United States*, 325 F.2d 97, 98 (10th Cir. 1963).   Furthermore, the Tenth Circuit has found that arguments regarding the constitutionality of income taxes are legally frivolous.  *See Lonsdale*, 919 F.2d at 1448 (stating that various claims made by tax protestors, including asserting that there is no authority for the federal government to impose income tax, are without merit and patently frivolous).

 According to Defendant, he is "not a resident or a citizen of the corporate 'STATE OF COLORADO,' the 'DISTRICT OF COLUMBIA' and/or the corporate 'UNITED STATES.'" (Docket #33-5.)  To the extent Defendant is arguing that he "is not subject to the jurisdiction of the United States, and as such, is not required to pay to pay taxes, that argument is legally frivolous." *U.S. v. Dawes,* 161 F. App'x 742, 745 n. 1 (10th Cir. Dec. 5, 2005).

Defendant does not provide a sufficient factual basis for his claims to warrant an entry of summary judgment in his favor.  Defendant's claims are nothing more than "oft-repeated tax protestor arguments that have long been rejected by the federal courts as being 'patently frivolous.'" *United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008) (dismissing a taxpayer's claim that the IRS lacks authority to make tax assessments against him as being without merit).

## V.    Conclusion

Defendant fails to produce a sufficient factual basis to support his motion and, therefore, he should not be entitled to summary judgment.  Accordingly, the Court respectfully RECOMMENDS that Defendant's Motion for Summary Judgment [filed October 17, 2011; docket #32] be **DENIED**.

Dated at Denver, Colorado, this 30th day of January, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge