IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-00274-RBJ-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAURENCE R. GOODMAN;
COUNTY OF GILPIN, COLORADO;
COLORADO DEPARTMENT OF REVENUE;
PATRICK MAXWELL;
JAN INGEBRIGTSEN.

    Defendants.

## ORDER

This matter is before the Court on plaintiff and counterclaim defendant, United States of America's ("United States") Motion to Dismiss defendant and counterclaim plaintiff, Laurence R. Goodman's Counter Complaint (#21). On January 4, 2012, Magistrate Judge Hegarty issued a Report and Recommendation, recommending that the motion be granted (#43, 44)[1]. On January 18, 2012 Mr. Goodman, proceeding *pro se*, filed a timely objection to the Magistrate Judge's recommendation (#46).

**Facts**

On February 2, 2011, the United States commenced this action pursuant to 26 U.S.C. §§ 7401, 7402 and 7403(a) to "reduce outstanding federal income tax assessments to judgment and to foreclose federal tax liens on real property." Complaint, Doc. #1, ¶¶1, 2. The United States

---

[1] Magistrate Judge Hegarty's Report and Recommendation appears at both Docket #43 and 44. Docket #44 is a duplicate amended to correct a document number on page 11.

alleges that Mr. Goodman has failed to pay federal income taxes, penalties, and interest in the amount of $1,327,761.31.  *Id.* at ¶14.

The United States alleges that the tax assessments against Mr. Goodman for tax years 1997, 1998, 1999, and 2000 create statutory liens attached to Mr. Goodman's property rights in favor of the United States.  *Id.* at ¶¶12, 16.  Mr. Goodman owns real property in Golden, Gilpin County, Colorado.  *Id.* at ¶10.  The County of Gilpin, Colorado, the Colorado Department of Revenue, Patrick Maxwell, and Jan Ingebringsten are named as defendants as necessary parties pursuant to 26 U.S.C. §7403, because the United States believes they may have an interest in Mr. Goodman's Golden property.  *Id* at ¶¶6-10.

In his answer and counter complaint, Mr. Goodman requests monetary relief for violations of his constitutional rights and criminal statutes.  Doc. #13.  Mr. Goodman alleges that the United States committed fraud by filing the original complaint and included the other named defendants for the sole purpose of creating defaults.  *Id.* at ¶ A.  Mr. Goodman further alleges that the United States has brought a fraudulent action for the purpose of a "FRAUDULENT SEIZURE OF PROPERTY WITHOUT FAIR COMPENSATION IN WILLFUL DEPREVATION (sic) OF THE DEFENDANT/COUNTER PETITIONERS Laurence R. Goodman's FOURTH AMENDMENT RIGHTS…IN VIOLATION OF 18 U.S.C. §§ 242 and 1581."  *Id.* at ¶ D.  Mr. Goodman requests $3 million in compensation.

On June 10, 2011 the United States filed a Motion to Dismiss the Counterclaims arguing (1) the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity, and that (2) Mr. Goodman's counter complaint fails to state a claim upon which relief may be granted.  Doc. #21.

2

Mr. Goodman filed an objection on June 27, 2011.  Doc. #23.  In his objection, Mr. Goodman contends that he did not receive a full copy of the Motion to Dismiss; he argues that he only received the first and third pages of the United States' Motion.  *Id.* at ¶1.  Mr. Goodman also argues that the Court does have subject matter jurisdiction over his counterclaims.  *Id.* at ¶2.  The United States filed a Reply stating that Mr. Goodman did receive a full copy of the motion through the mail.  Doc. #24.  The United States also points out that Mr. Goodman did not contact counsel inquiring into the missing pages.  A copy of the original Motion to Dismiss was attached as Exhibit 1.  Mr. Goodman filed a "counter reply" on July 18, 2011 maintaining that he did not receive a full copy of the original motion.  Doc. #25.[2]  Mr. Goodman also argues that the United States "has failed to produce even one piece of evidence…that is not self-created and self-serving that can be independently verified outside of the Internal Revenue Service for there to be even a prima facie case in this Court, of for this Court to even have Subject Matter Jurisdiction."  *Id.* at p.2.

**Standard of Review**

<u>Recommendation of the Magistrate Judge</u>

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions."  *Id.*  To be proper, an objection must be both timely and specific.  *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).  An

---

[2] Although Mr. Goodman did not request permission to file a surreply, Magistrate Judge Hegarty considered the surreply in his analysis because Mr. Goodman alleged that he did not receive a complete copy of the Motion.  Doc. #44, p. 4, n.4.  Because Mr. Goodman received a full copy of the motion with the United States' Reply, Magistrate Judge Hegarty found that Mr. Goodman was not prejudiced by allegedly not having a complete copy of the motion when it was originally filed.

objection is timely if it is filed within fourteen days of the issuance of the Magistrate's recommendation. Fed. R. Civ. P. 72(b)(2). To preserve an issue for *de novo* review, the objection must be specific enough to "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d at 1060. The Federal Magistrates Act does not "require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### *Pro Se* Plaintiff

When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based…conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

### Motion to Dismiss: 12(b)(6)

In reviewing a motion to dismiss, the Court assumes that the facts in plaintiff's complaint are true. *Estelle v. Gamble*, 429 U.S. 97, 99 (1976). However, a complaint must set forth a plausible, not merely a possible, claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Atwell v. Gabow,* 311 F. Appx. 122, 125 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

　　Motion to Dismiss: 12(b)(1)

　　Under Rule 12(b)(1) a court may dismiss the complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). If a court determines that it lacks jurisdiction, it "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). As the burden of establishing subject matter jurisdiction is on the person asserting jurisdiction, Mr. Goodman bears the burden in this case. *See id.* Proper subject matter jurisdiction must be determined "from the allegation of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2s 674, 677 (10th Cir. 1971).

**Conclusions**

　　The United States argues that Mr. Goodman's counterclaims lack subject matter jurisdiction because the United States has not waived its sovereign immunity. Although Mr. Goodman contends that the United States has not produced any evidence that this Court has subject matter jurisdiction, by asserting counterclaims Mr. Goodman is invoking the jurisdiction of this Court. As this Court cannot consider Mr. Goodman's counterclaims without proper subject matter jurisdiction, the Court will address this argument first. The United States may only be sued directly in limited circumstances: "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted). Sovereign immunity prohibits suits against the United States "except in those instances in which it has specifically consented to be sued." *In re Talbot*, 124 F.3d

1201, 1206 (10th Cir. 1997). Consent can only be given by an unequivocal expression of intent to waive sovereign immunity in statutory text. *See id.* (citing *United States v. Nordic Village, Inc.*, 503 U.D. 30, 33 (1992)).

Mr. Goodman's counterclaims assert violations of his Fourth Amendment rights and criminal statutes 18 U.S.C. §§242 and 1581. Mr. Goodman has not indicated, or argued, that the United States has waived sovereign immunity. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person…" 26 U.S.C. §7421(a). The Tenth Circuit has described the intent of the statute to be "the protection of the government's need to assess and collect taxes as expeditiously as possible without preenforcement judicial interference and to require that disputed sums of taxes due be determined in suits for refund." *Lowrie v. U.S.*, 824 F.2d 827, 830 (1987). "Nor can one avoid statute by raising constitutional claims." *Id.* (citing *Alexander v. Americans United, Inc.,* 416 U.S. 752, 759 (1974)). Thus, Mr. Goodman's inclusion of Fourth Amendment claims does not overcome the doctrine of sovereign immunity. Waiver of sovereign immunity is only available to third parties in wrongful levy claims, not to the person challenging tax assessments against themselves. *See* 26 U.S.C. §7426 (stating that a claim may be brought by anyone "other than the person against whom is assessed the tax out of which such levy arose."). In addition, criminal statutes 18 U.S.C. § 242 and 1581 do not provide a private civil cause of action.

Even under the less stringent *pro se* standard, Mr. Goodman has not demonstrated that the United States has waived sovereign immunity. Without such a waiver, this Court lacks subject matter jurisdiction over Mr. Goodman's counterclaims and must dismiss the claims.

*Basso*, 495 F.2d at 909.  Without subject matter jurisdiction this Court need not address the sufficiency of Mr. Goodman's pleadings.

**Order**

Based on the foregoing, the Court AFFIRMS the Magistrate Judge's Recommendation (#43 & 44).  Accordingly, the United States' Motion to Dismiss Counter Complaint is GRANTED (#21).

DATED this 15th day of February, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge