IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00274-RBJ-MEH

UNITED STATES OF AMERICA,

     Plaintiff,

v.

LAURENCE R. GOODMAN,
COUNTY OF GILPIN, COLORADO,
COLORADO DEPARTMENT OF REVENUE,
PATRICK MAXWELL, and
JAN INGEBRIGSTEN,

     Defendants.

---

## ORDER ON MOTION FOR RECUSAL

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Laurence Goodman's Objection to Conversion of Evidentiary Motion to Summary Judgment with Motion for Recusal of Magistrate [filed January 11, 2012; docket #45]. The motion has been referred to this Court for disposition. Docket #68. Although the content of the motion is prolix and somewhat vague, it appears the Defendant requests that I recuse myself from this case due to alleged bias and impartiality. Because I am a United States Magistrate Judge, I will consider his motion under the appropriate standard of 28 U.S.C. § 455(a), which provides, in pertinent part, "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The standard for impartiality under 28 U.S.C. § 455 is an objective one, requiring recusal only if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted). In this case, recusal is not appropriate. Based upon the allegations in Defendant's present motion, he has

not demonstrated that a reasonable person would question my impartiality. Defendant's entire argument centers around his displeasure with my order converting his "Motion to Vacate Administrative Assessments and Liens," which he brought pursuant to Fed. R. Civ. P. 12(b), to a motion for summary judgment pursuant to Fed. R. Civ. P. 56, in accordance with Fed. R. Civ. P. 12(d). Defendant does not articulate how such ruling causes, or has caused, him harm; nevertheless, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotations and citations omitted). Thus, Defendant's argument is an insufficient basis for recusal. *See United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (holding that a judge has just as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require).

Accordingly, Defendant Laurence Goodman's Objection to Conversion of Evidentiary Motion to Summary Judgment with Motion for Recusal of Magistrate [filed January 11, 2012; docket #45] is **denied**.

Dated at Denver, Colorado this 4th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge