IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-00274-RBJ-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAURENCE R. GOODMAN;
COUNTY OF GILPIN, COLORADO;
COLORADO DEPARTMENT OF REVENUE;
PATRICK MAXWELL;
JAN INGEBRIGTSEN.

      Defendants.

## ORDER

This matter is before the Court on Mr. Goodman's Motion to Vacate Administrative Liens [#32], the United States' Motion for Summary Judgment [#48], Mr. Goodman's Motion for Summary Judgment [#52], and the United States' Motion to Strike [#57]. On January 30, 2012 Magistrate Judge Hegarty issued a Report & Recommendation recommending that the Court deny Mr. Goodman's Motion to Vacate Administrative Liens [#50]. Magistrate Judge Hegarty also issued a Report and Recommendation on June 12, 2012 recommending that this Court deny Mr. Goodman's Motion for Summary Judgment and grant the United States' motion for summary judgment and motion to strike [#73]. Mr. Goodman filed timely objections to both Recommendations. [##53, 74]. On July 27, 2011 Mr. Goodman also filed a Motion to Dismiss[#77]. With the exception of Mr. Goodman's latest motion, all matters are fully briefed.

      **Procedural History**

On February 2, 2011, the United States commenced this action pursuant to 26 U.S.C. §§ 7401, 7402 and 7403(a) to "reduce outstanding federal income tax assessments to judgment and to foreclose federal tax liens on real property." Complaint, [ #1], ¶¶1, 2. The United States alleges that Mr. Goodman has failed to pay federal income taxes, penalties, and interest in the amount of $1,327,761.31. *Id.* at ¶14.

The United States alleges that the tax assessments against Mr. Goodman for tax years 1997, 1998, 1999, and 2000 create statutory liens attached to Mr. Goodman's property rights in Golden, Colorado in favor of the United States. *Id.* at ¶¶12, 16. Mr. Goodman filed an answer denying he owes any federal taxes and asserting several counterclaims, which were dismissed by this Court on January 4, 2012 [#44].

On October 17, 2011 Mr. Goodman filed a "Motion to Vacate Administrative Assessments and Liens" [#32]. The United States filed a response on October 25, 2011 [#33]. As both Mr. Goodman and the United States supported their briefs with additional documents, Magistrate Judge Hegarty converted Mr. Goodman's motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56 and granted the parties additional time to submit supplemental briefing. [#42]. Although neither party filed any supplemental briefing Mr. Goodman filed an objection to the conversion [#45]. That objection was denied. [#69]. On January 30, 2012 Magistrate Judge Hegarty issued a Report and Recommendation recommending the Court deny the motion [#50], and Mr. Goodman filed an objection [#53].

On January 25, 2012 the United States filed a Motion for Summary Judgment [#48]. Mr. Goodman filed a response [#51] and the United States filed a reply [#55]. Mr. Goodman then filed his own Motion for Summary Judgment on February 12, 2012 [#52]. In lieu of a response, the United States filed a Motion to Strike Mr. Goodman's motion for summary judgment [#57].

Mr. Goodman filed a response [#58]. Magistrate Judge Hegarty issued a Report and Recommendation on all pending motions [#73]. Mr. Goodman filed an objection to the recommendation [#74], the United States filed a Response [#75], and Mr. Goodman, without asking leave of the Court, filed a Reply [#76]. Mr. Goodman also filed a Motion to Dismiss [#77] on July 27, 2012.

**Standard of Review**

Recommendation of the Magistrate Judge

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* To be proper, an objection must be both timely and specific. *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is timely if it is filed within fourteen days of the issuance of the Magistrate's recommendation. Fed. R. Civ. P. 72(b)(2). To preserve an issue for *de novo* review, the objection must be specific enough to "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d at 1060. The Federal Magistrates Act does not "require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

*Pro Se* Plaintiff

When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, "it is not the proper function

3

of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based…conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Summary Judgment Standard

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City and County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

**Conclusions**

Motion to Vacate Administrative Assessment and Liens [#32]

Mr. Goodman argues that all administrative assessments and liens should be dismissed, because the United States' claims are based "upon a preponderance of self-created self-serving documents." [#32].  Mr. Goodman contends that the United States has not produced reliable evidence that he owes any income taxes, and he argues that the collection of incomes taxes is unconstitutional.  In support of his argument, Mr. Goodman offers a letter from the United States that indicates that the United States has "provided all relevant materials from the government's administrative file."  [#32] at 5-6.  Mr. Goodman argues that this letter shows that the government has not provided any evidence of his tax liability.  Mr. Goodman also offers the response from the IRS to his Freedom of Information Act ("FOIA") request.  [#32] at 8.  In its letter the IRS characterized Mr. Goodman's FOIA request as "concerning your personal responsibility to pay federal income tax."  *Id.*  The IRS declined to respond to Mr. Goodman's request, stating "[w]e are not required to create records, provide explanations, or answer questions in response to a FOIA request."  *Id.*  Mr. Goodman contends that this statement is an admission that the IRS is not "subject to the laws of this land," and therefore all documents produced by the IRS are not reliable.

The United States has provided Mr. Goodman with Certificates of Assessments, Payments and Other Specified Matters ("Forms 4340").  Declaration of Aaron Bailey [#33-1] at ¶2.  Forms 4340 are "routinely used to prove that tax assessment has in fact been made.  They are presumptively proof of a valid assessment."  *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992) (internal citations omitted).  Mr. Goodman has presented no evidence or case law to refute this presumption, other than his conclusory statement that the forms are invalid because they are

"self-serving documents." *See* [#32]. Further, Mr. Goodman's argument that taxation is a form of slavery, and therefore unconstitutional, is legally frivolous. *See Lonsdale v. U.S.* 919 F.2d 1440, 1448 (10th Cir. 1990) (finding that the argument that the federal government has no authority to impose income tax is "completely lacking in legal merit and patently frivolous").

Finally, Mr. Goodman's motion is "essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments." *Lonsdale*, 919 F.2d at 1442. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person…." 26 U.S.C. §7421(a). The Tenth Circuit has described the intent of the statute to be "the protection of the government's need to assess and collect taxes as expeditiously as possible without preenforcement judicial interference and to require that disputed sums of taxes due be determined in suits for refund." *Lowrie v. U.S.*, 824 F.2d 827, 830 (1987). The Anti-Injunction Act bars Mr. Goodman's challenges. *See* 26 U.S.C. 7421(a); *See also Lonsdale*, 919 F.2d at 1442.

Mr. Goodman's objections to Magistrate Judge Hegarty's recommendation repeat many of his previous arguments, and they need not be re-addressed here [#53]. Mr. Goodman's contention that Magistrate Judge Hegarty is "creating an action of his own" is misplaced. Magistrate Judge Hegarty has not taken over this proceeding. He was acting within his role as a federal magistrate judge in accordance with 28 U.S.C. § 636(a) through (c). Therefore, no consent is required under Federal Rule of Civil Procedure 73 or 28 U.S.C. §636(c).

The Court agrees with the Magistrate Judge's assessment that the arguments presented in Mr. Goodman's motion are nothing more than "oft-repeated tax protestor argument that have long been rejected by the federal courts as being 'patently frivolous.'" *United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008). Accordingly, Magistrate Judge Hegarty's Report and

Recommendation [#50] is AFFIRMED.  Mr. Goodman's Motion to Vacate Administrative Assessments and Liens [#32] is DENIED.

The United States' Motion for Summary Judgment [#48]

The United States argues that summary judgment should be granted in its favor on its first claim for several unpaid tax assessments amounting to $1,384,062.69, plus interest and penalties, and on its second claim for foreclosure of related federal tax liens against Mr. Goodman's real property located at 299 Bear Drive, Golden, Colorado.

*Claim 1: Tax Assessments*

To demonstrate that they are entitled to summary judgment on their first claim, the United States must establish a prima facie case:

> In a suit brought by the government to collect taxes resulting from unreported income, the government generally establishes a *prima facie* case when it shows a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises.

*U.S. v. McMullin*, 948 F.2d 188, 1192 (10th Cir. 1991) (internal citations omitted).  This presumption of correctness attaches "once more substantive evidence is introduced demonstrating that the taxpayer received unreported income." *Id.*  The opposing party, Mr. Goodman in this case, must produce substantial evidence to overcome the presumption.  *Id.*

As discussed above, the United States has submitted IRS Forms 4340 for the 1997-2000 tax assessments against Mr. Goodman.  [#48-2].  Forms 4340 are admissible into evidence as self-authenticating official records of the United States.  Fed. R. Evid. 803(8) and 902(1).  The "notice" entries on the Forms 4340 demonstrate that adequate notice and demand was made and carry a presumption of correctness.  *See Guthrie*, 970 F.2d at 737.  *See also United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989).

Further, the Internal Revenue Service ("IRS") made assessments against Mr. Goodman on February 19, 2001 and May 10, 2004 as follows:

| Tax Type | Tax Period | Assessment Date(s) | Amount Assessed |
|---|---|---|---|
| 1040 | 1997 | 02/19/2001 | $101,365.00 |
| 1040 | 1998 | 02/19/2001 | $71,820.00 |
| 1040 | 1999 | 05/10/2004 | $167,320.00 |
| 1040 | 2000 | 05/10/2004 | $121,890.00 |

Ginger Wray Declaration [#48-7] at ¶4. The IRS also issued multiple deficiency notices that provided Mr. Goodman with information as to how the deficiency was calculated and how to contest the determination of the deficiency. *Id* at ¶6; [#48-8]-[#48-11].

The United States has also produced evidence that Mr. Goodman received income from his securities and banking activities at Burke, Christensen & Lewis Securities, Inc., Financial Federal Trust & Savings, Bellco First Federal Credit Union, and Norwest Bank Colorado, N.A. [#48-15] and [#48-16]. The IRS obtained this information and computed Mr. Goodman's federal tax liability using Information Program Transcripts ("IRP Transcripts"). IRP transcripts are "retrievable computer records that are maintained by the IRS reflecting data reported by third parties on various IRS forms including Forms W-2…1099…and 1098." Wray Declaration [#48-7]. According to Ginger Wray, a Revenue Officer in the Small Business/Self-Employed Division of the IRS, Mr. Goodman did not make timely administrative challenges to the notices of deficiency sent to him. *Id.* at ¶11. The United States has also presented evidence that indicates that Mr. Goodman is the holder of patent #5,182,014 titled "Method and apparatus for increasing flotation cell recovery and grade of complex copper-containing ores" [#48-6].

Therefore, the Court finds that the United States has presented the minimal evidentiary foundation necessary to create a presumption of correctness. "This presumption will permit

8

judgment in the [United States'] favor unless the opposing party produces substantial evidence overcoming it." *McMullin*, 948 F.2d at 1192.

Mr. Goodman seeks to rebut this presumption by offering several arguments: (1) the United States has filed "false documents" with the Court in order to "perpetuate a fraud" by attempting to have the Court categorize investment accounts as bank accounts, (2) Mr. Goodman has received no taxable income from his investments, and the United States has failed to show any income derived from his investments or patents, (3) Ginger Wray's testimony is only "knowledge of the facts of this case from reviewing self-created self-serving IRS documents", and (4) the United States' purpose in bringing this suit is to "deprive and force [Mr. Goodman] to surrender his unalienable right not to be compelled to be a witness against himself under civil rules."

First, Mr. Goodman has not demonstrated that there has been any fraud in this case. The different filing dates on Mr. Goodman's tax liens are due to confusion regarding Mr. Goodman's address, not any fraud. Likewise, the United States did not attempt to characterize Mr. Goodman's investment accounts as savings or checking accounts. Rather, the United States has presented IRP reports that demonstrate that Mr. Goodman was the "payee" on his investment accounts. [#48-15] and [#48-16]. Mr. Goodman contends that the investment firm of Burke Christiansen & Lewis was responsible for paying taxes on any proceeds, but he offers no evidence to support that statement.

Second, as discussed above, the United States has provided sufficient documentation of income. The United States is not required, as Mr. Goodman contends, to produce canceled checks or bank statements as evidence of taxable income. Third, Ms. Wray's position as a Revenue Officer with the IRS does not invalidate her affidavit, nor does it make her testimony

"self-serving." Ms. Wray states that the purpose of her review of Mr. Goodman's IRS file is "to determine that tax was assessed against Laurence Goodman, to determine whether notice and demand for payment of those liabilities were made and to ascertain the outstanding unpaid liabilities owed by Laurence Goodman." [#48-7] at ¶3. Ms. Wray's testimony appears to be "made on personal knowledge, [setting] out facts that would be admissible in evidence, and [shows] that the affiant … is competent to testify on the matters stated" in accordance with Federal Rule of Civil Procedure 56(c)(4).

Finally, the Court finds that Mr. Goodman has not presented evidence that the United States is or has been forcing Mr. Goodman to testify against himself. Mr. Goodman's statement that the United States brought this case to deprive Mr. Goodman of his Constitutional rights is not supported by evidence and is not sufficient to overcome the United States' presumption.

Therefore, the Court finds that the United States is entitled to judgment in its favor on its first claim for validation of tax assessments.

*Claim 2: Foreclosure of Federal Tax Liens*

Under 26 U.S.C. § 6321 "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount…shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The lien arises at the time the assessment is made. 26 U.S.C. § 6322. Here, the United States has established the tax liability underlying the lien. According to 26 U.S.C. §6322 the liens upon Mr. Goodman's property arose when notice of the federal tax lien was filed in Gilpin County on July 27, 2009. Mr. Goodman has not presented evidence to show that there is a genuine issue of material fact regarding the validity of the lien.

The United States contends that Mr. Goodman owns the real property at 299 Bear Drive, Golden, Colorado. To that end, the United States provided the Court with a copy of a Deed of Trust, dated June 26, 1978 conveying the property at Bear Drive to Mr. Goodman. [#48-18]. In his deposition, Mr. Goodman testified that he lives at that address but would not answer any further question regarding the Deed of Trust. Goodman Depo., [#71] at 12:17-19; 21:10-16. However, given that Mr. Goodman does not deny that he owns the property, Mr. Goodman admits to residing there, and the United States has produced a Deed of Trust, the Court concludes that Mr. Goodman retains a valid interest in the real property at 299 Bear Drive, Golden, Colorado to which a lien attaches.

Therefore, the Court finds that the United States has presented evidence necessary and sufficient for summary judgment on the second claim of foreclosure of federal tax liens against Mr. Goodman. Accordingly, the Court agrees with the Magistrate Judge and finds that summary judgment is properly entered in favor of the United States and against Mr. Goodman in the amount of $1,375,062.69, plus any penalties and interest accruing under applicable law, and orders that the federal tax liens be foreclosed upon the property at 299 Bear Drive, Golden, Colorado.[1]  Magistrate Judge Hegarty's Report and Recommendation is ADOPTED and AFFIRMED [#73]. The United States' Motion for Summary Judgment [#48] is GRANTED.

<u>Mr. Goodman's Motion for Summary Judgment [#52] and the United States' Motion to Strike [#57]</u>

At the same time Mr. Goodman filed his response to the United States' Motion for Summary Judgment, he also filed his own Motion for Summary Judgment [#52]. In response to

---

[1] The Court has considered Mr. Goodman's Objection [#74], the United States' Response [#75], and Mr. Goodman's Reply [#76] to the Magistrate Judge's Recommendation [#73]. However, Mr. Goodman's arguments in his objection and reply have already been put forward, and addressed, in his previous motion and are largely frivolous. *See Lonsdale*, 919 F.2d at 1448. Therefore, the Court will not re-address them here.

11

that Motion for Summary Judgment, the United States filed a Motion to Strike Mr. Goodman's Motion for Summary Judgment [#57]. The United States argues that Mr. Goodman filed his motion two weeks after the dispositive motion deadline without seeking permission for an extension and, notwithstanding the untimeliness, the motion fails to demonstrate a lack of a genuine issue of material fact.

Mr. Goodman's motion is not only untimely, but it constitutes Mr. Goodman's second Motion for Summary Judgment filed with this Court. Mr. Goodman's most recent Motion for Summary Judgment put forth nearly identical arguments to those Magistrate Judge Hegarty, and this Court, have already rejected. The Court finds that Mr. Goodman's Motion for Summary Judgment could be stricken, but in light of the fact that the Court granted the United States' Motion for Summary Judgment, the Court will deny the motion as moot [#52].

Mr. Goodman also filed a Motion to Dismiss on July 27, 2012 [#77]. This motion, although presented as a motion to dismiss, attaches exhibits and evidence outside of the pleading. This motion also asserts nearly identical arguments to Mr. Goodman's previous dispositive motions. Given the Court's ruling on the United States' Motion for Summary judgment, the Court denies Mr. Goodman's Motion to Dismiss as moot [#77].

**Order**

Therefore, in accordance with the above order, the Court orders the following:

- Magistrate Judge Hegarty's Report and Recommendation [#50] is AFFIRMED and ADOPTED, and Mr. Goodman's Motion to Vacate Administrative Liens [#32] is DENIED.

- Magistrate Judge Hegarty's Report and Recommendation [#73] is AFFIRMED and ADOPTED.

- - o   The United States' Motion for Summary Judgment [#48] is GRANTED.
  - o   The United States' Motion to Strike [#57] is GRANTED and Mr. Goodman's Motion for Summary Judgment [#52] is DENIED as MOOT.
- Mr. Goodman's Motion to Dismiss [#77] is DENIED as MOOT.

Judgment is entered in favor of the United States for $1,375,062.69, plus any penalties and interest accruing under the applicable law, and order that the federal tax liens be foreclosed upon the property at 299 Bear Drive, Golden, Colorado. The plaintiff is awarded its costs to be taxed by the Clerk of the Court pursuant to Fec. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 2nd day of August, 2012.

BY THE COURT:

*[signature: Brooke Jackson]*

_____

R. Brooke Jackson
United States District Judge