|  | FILED |
|---|---|
| UNITED STATES COURT OF APPEALS | United States Court of Appeals<br>Tenth Circuit |
| FOR THE TENTH CIRCUIT | November 26, 2012 |
|  | Elisabeth A. Shumaker<br>Clerk of Court |

In re:

LAURENCE R. GOODMAN,

      Petitioner.

No. 12-1460
(D.C. No. 1:11-CV-00274-RBJ-MEH)
(D. Colo.)

## ORDER

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

    Laurence R. Goodman has filed a petition for a writ of mandamus asking this court to reverse the judgment entered for the United States in the underlying action, which was brought to reduce federal tax assessments to judgment and foreclose on his real property. Mr. Goodman contends that the district court erred in granting summary judgment for the government and in dismissing his counterclaims. We deny the petition and the associated motion for stay.

    It has been recognized in many contexts that mandamus relief is unavailable when the petitioner has an adequate remedy by way of appeal. *See, e.g.*, *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35-36 (1980); *Howard v. Mail-Well Envelope Co.*, 90 F.3d 433, 437 (10th Cir. 1996); *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994). That principle applies here. When the instant petition was filed, the district court had entered a final judgment in the underlying action and

issued an order of foreclosure and decree of sale, which Mr. Goodman was then free to appeal. *See United States v. Goodman*, No. 11-cv-00274-RBJ-MEH, docs. 85, 97 (D. Colo. Filed Aug. 6 and Nov. 13, 2012).[1]

The petition is DENIED, and the associated "Motion to Stay All Proceedings and Orders [in] District Court Case" is DENIED as moot.

> Entered for the Court
>
> ELISABETH A. SHUMAKER, Clerk

---

[1] A prior appeal by Mr. Goodman from the grant of summary judgment was dismissed by this court for lack of a final, appealable decision precisely because no order for foreclosure had yet been issued. *See United States v. Goodman*, No. 12-1311, Order (10th Cir. filed Oct. 15, 2012). With the district court's issuance of the order of foreclosure and decree of sale on November 13, 2012, that impediment to appeal was removed.